UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jarred T. Molesky, et al.,                                      Case No. 3: 12 cv 2639

       Plaintiffs

   v.                                                                           MEMORANDUM OPINION
                                                                                                                AND ORDER

State Collection & Recovery Services, LLC, et al.,

       Defendants

This matter is before me on Defendants' motions to dismiss, Plaintiffs' opposition, Defendants' reply thereto. Also before me is Plaintiffs' motion for oral argument, Defendants' responses, Plaintiffs' reply and Defendant's sur-reply. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**PROCEDURAL BACKGROUND**

In September 2008, this case was initiated in Erie County Common Pleas Court as a putative class action by Plaintiffs Jarred T. Molesky, and Jeffrey and Paula Hornyak against State Collection & Recovery Services, LLC ("State Collection"). *Molesky et al. v. State Collection & Recovery Services*, Case No. 2008-CV-0828 ("*Molesky*"). (Doc. No.1, p. 2). On August 30, 2012, Plaintiffs filed a motion to amend the complaint to add the claims of Michael McCann and Kathleen Ahern to the class complaint.

As the motion to amend was pending in *Molesky*, on September 24, 2012, McCann and Ahern filed an identical class action complaint in the Erie County Court of Common Pleas against State Collection and Fisher-Titus. *McCann et al. v State Collection & Recovery Services, et al.,* Case No. 2012-CV-0716 ("*McCann*").

On October 10, 2012, the Honorable Tygh M. Tone granted Plaintiffs' motion for leave to amend the complaint in *Molesky* to add new Plaintiffs Michael McCann and Kathleen Ahern, as well as a new Defendant, Fisher-Titus Medical Center. (Doc. No. 1-1, p. 1). The Plaintiffs were further granted "leave to file the additional claims as proposed in the Amended Class Action Complaint." (*Id.*) Subsequently, on October 11, 2012, an amended class complaint was filed with the claims of McCann and Ahern as well as naming Fisher-Titus as a new defendant. (Doc. No. 1-1).

On October 22, 2012, Fisher-Titus removed both cases to this Court with State Collection's permission. (Doc. No. 1 at p. 3). Plaintiffs moved to consolidate the two cases. In December 2012, both cases were assigned to my docket. Shortly thereafter, Defendants filed motions to dismiss.

Plaintiffs' motion to consolidate was denied and Defendant's motion to dismiss was granted as to dismissal of the *McCann* litigation as being duplicative of the claims in *Molesky*. (Doc. No. 20). Defendants' motion to dismiss based upon the statute of limitations were denied without prejudice and they were granted leave to renew those motions and assigned a briefing schedule.

## THE SPECIFIC CLAIMS

1. <u>Positions of the Parties</u>

This is a putative class action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Ohio Consumer Practices Act, O.R.C. § 1345 et seq., and for breach of public policy for abusive, deceptive and unfair practices in debt collection activities.

Defendants move for dismissal of the claims filed in the amended class action complaint by McCann and Ahern. The alleged violations of the FDCPA, as they pertain to McCann and Ahern, occurred in the summer of 2011 and, according to Defendants, are barred by the one-year statute of

limitations. They also contend that these claims do not relate back to the filing of the September 2, 2008 initial complaint under Fed. R. Civ. P. 15(c).

The Defendants also move for dismissal of the additional claims by Molesky and Hornyak, as contained in the amended class action complaint, on the basis those claims are barred by the applicable statute of limitations and do not relate back under Rule 15(c).

2. The September 2008 Complaint

The initial complaint, filed in September 2008, was styled as a class action complaint brought by Molesky and the Hornyaks against State Collection. (Doc. No. 17-1). The complaint contained three causes of action: (Count I) violations of the FDCPA under 15 U.S.C. § 1692g, mandated validation or verification notice; (Count II) violations of the FDCPA under 15 U.S.C. § 1692e, false or misleading statements; and (Count III) declaratory judgment based upon violations of the FDCPA and injunctive relief therein. These claims were based, in part, upon the following factual allegations:

Hornyaks

- Collection letters to the Hornyaks by State Collection dated February 14, 2008, demanding payment of debts for three separate amounts ($47.18, $34.31, and $786.59). (*Id.* at ¶ 6).
- Collection letter to the Hornyaks by State Collection dated April 1, 2008, demanding payment for debt of $868.08. (*Id.* at ¶ 8).
- Collection letter to the Hornyaks by State Collection dated August 5, 2008, demanding payment for debt of $858.08. (*Id.* at ¶ 9).

Molesky

3

- Collection letter to Molesky by State Collection dated August 15, 2008, demanding payment for debt of $500.00. (*Id.* at ¶ 14).

3. <u>The October 2012 Complaint</u>

The amended class action complaint (Doc. No. 1-1) added the claims of Michael McCann and Kathleen Ahern and additional claims by Molesky and Ahern. Fisher-Titus was named as a Defendant alleged to be "acting as a debt collector as defined by the F.D.C.P.A. for collecting its own debts in the name of a third party and for collecting debts of third party medical providers." (Doc. No. 1-1, ¶ 14).

The causes of action include: (Count 1) violations of the FDCPA, 15 U.S.C. § 1692g against Fisher-Titus and State Collection; (Count II) violations of the FDCPA, 15 U.S.C. § 1692c against both Defendants; (Count III) declaratory judgment against both Defendants; (Count IV) breach of contract against Fisher-Titus ; (Count V) breach of fiduciary duty against Fisher-Titus; (Count VI) public policy against both Defendants; (Count VII) violations of Ohio Consumer Sales Practices Act, O.R.C. § 1345, against both Defendants; and (Count VIII[1]) fraud against Fisher-Titus. The alleged violations are based, in part, upon the following factual allegations:

<u>Michael McCann</u>

- Collection letter to McCann by State Collection dated March 16, 2011, demanding payment for a debt of $1086.00. (*Id.* at ¶ 59).

- Collection letter to McCann by State Collection dated April 5, 2011, demanding payment for a debt of $476.00. (*Id.* at ¶ 60).

<u>Kathleen Ahern</u>

---

[1] The Amended Complaint filed in October 2012, contains two Count VIIs (Doc. No. 1-1 at pp. 24 and 26). The last count, therefore, is characterized as Count VIII.

4

- Collection letter to Ahern by State Collection dated June 24, 2011, demanding payment for a debt of $ 518.75. (*Id.* at ¶ 67).

- Collection letter to Ahern by State Collection dated July 24, 2011, demanding judgment for a debt of $518.75. (*Id.* at ¶ 70).

Hornyaks

- Collection letters to Paula Hornyak on February 14, 2008, demanding payment of debts for three separate amounts ($47.18, $34.31, and $786.59). (*Id.* at ¶ 39).

- Collection letter to Paula Hornyak on April 1, 2008, demanding payment of a debt in the amount of $868.08. (*Id.* at ¶ 41).

- Collection letter to Paula and Jeff Hornyak on August 5, 2008, demanding payment of a debt in the amount of $858.08. (*Id.* at ¶ 42).

Jared Molesky

- Collection letter to Molesky on August 15, 2008, demanding payment of a debt in the amount of $500.00. (*Id.* at ¶ 52).

**APPLICABLE LEGAL STANDARDS**

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to Rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). The pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 470 (2007). In contrast, all allegations of the moving party which have been denied by the non-moving party must be taken as false. Judgment is granted only where there is no material issue of fact

5

involved and the moving party is entitled to judgment as a matter of law.  *Paskavan v. City of Cleveland Civil Service Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

With the background and legal framework in place, I now turn to motions at issue.

### STATE COLLECTION & RECOVERY SERVICES' MOTION TO DISMISS

State Collection moves to dismiss the additional claims of Molesky and the Hornyaks as well as the claims asserted by McCann and Ahern. State Collection contends the amended claims are untimely as they are outside the applicable statute of limitations.  I first address the motion as it pertains to Plaintiffs Molesky and the Hornyaks.

A.   Amended Claims of Molesky and Hornyak against State Collection

State Collection moves to dismiss the following new claims in the amended complaint:

1) Whether use of "cooperation" language which misleads the debtor (¶ 105);

2) Whether policy of collecting medical debts from a spouse violates Ohio law (¶ 81.1);
3) Whether failure to include the notice of rights under the FDCPA language is a deceptive and/or abusive act (¶¶ 91-98) (the original complaint contained this claim only as to Plaintiff Molesky-Plaintiff Hornyak now brings this claim as well).;
4) Claims for violations of Ohio's CSPA, O.R.C. § 1345; and
5) Public policy claims for violations of FDCPA, OSCPA, and O.R.C. re: collection from a spouse (¶¶ 121-125).

(Doc. No. 22 at pp. 12-13).

As for the claims brought under the OCSPA, Defendant contends these claims are based upon the same conduct alleged giving rise to their FDCPA claims.  Failing to assert these claims until four years after the original complaint places the OCSPA claims well outside the applicable two-year statute of limitations.  State Collection also requests that I find the public policy claims barred as untimely as they flow from the statutory violations.  The Defendant also disputes the

6

public policy claims relate back to the original complaint as those claims relate to different conduct than was at issue in the original complaint.

Molesky and the Hornyaks contend there is no dispute their initial complaint and the allegations therein are timely. They also state that all of their amended claims, both state and federal, relate back to the original complaint.

There is no dispute among the parties that the statute of limitations under the FDCPA[2] is one year and violations under the OSCPA[3] are subject to a two-year statute of limitations. Therefore, the determination of the new claims asserted by Molesky and the Hornyaks turns on whether they relate back to the original claims.

An amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

As noted by the Sixth Circuit:

> Rule 15(c) is " 'based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence.' " *Bledsoe*, 501 F.3d at 516 (*quoting Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999)). In short, "a court will permit a party to add even a new legal theory in an amended pleading so long as it arises out of the same transaction or occurrence." *Miller*, 231 F.3d at 248. Rule 15(c)(2) does not define the scope of the terms "conduct, transaction, or occurrence."

*Hall v. Spencer Cnty., Ky.*, 583 F.3d 930, 934 (6th Cir. 2009). The critical inquiry under this analysis is "whether the party asserting the statute of limitations defense had been placed on notice that he

---

[2] "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).
[3] "An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of the suit, . . . ." Ohio Rev. Code § 1345.10(C)

7

could be called to answer for the allegations in the amended pleading." *Zundel v. Holder*, 687 F.3d 271, 283 (6th Cir. 2012) (citations omitted*)*.

Other factors for consideration in making this analysis include: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of amendments." *Moross Ltd. Partnership v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 518-19 (6th Cir. 2006).

In this case, I have closely reviewed the original and amended complaints. The communications upon which these new claims are based include the same communications which were set forth in the original complaint including copies of the offending correspondence as attachments to the original pleading. State Collection contends these allegations could have been made at the time the original complaint was filed and that no new information came to light via discovery which would support the late addition of these claims. A similar argument was rejected by my colleague in *EJS Properties, LLC v. City of Toledo*, 522 F.Supp.2d 936, 942 (N.D. Ohio 2007) (Carr, J) (allowing amended § 1983 claims three years after original complaint where "the facts on which the additional claims [were] based [were] not new").

The same is true for the state law claims including those alleging a violation of public policy. State Collection argues that the proposed amendments relate to conduct different than that alleged in the original complaint. For example, the amended complaint alleges a violation of State Collection's action in seeking collection from a spouse, Paula Hornyak, a named plaintiff in the original complaint. However, both the original and amended complaint reference and include Exhibit 1, which is a copy of a February 14, 2008 letter addressed to "Hornyak Paula." (Doc. Nos. 17-2 at p. 21 and 1-1 at p. 31). In its motion State Collection acknowledges that "Molesky and Hornyaks' OCSPA claims are based *upon the very same conduct* that they allege gave rise to their FDCPA claims." (Doc. No. 22 at p. 13) (emphasis added). As there are no independent or unique facts separate and distinct from the original conduct complained of as to the new state causes of

8

action, (Doc. No. 17-1), I find they arise out of the same conduct, transaction, or occurrence set out in the original pleading.

State Collection advocates that the undue delay in waiting four years to bring these claims would also prejudice the Defendant in defending these claims at this late date. This case proceeded for four years in the state court before its removal and that of a duplicative case in 2012. The unconventional procedural posture of these two cases before this Court required briefing to resolve that issue. Ultimately, the two cases were whittled down to one.

Despite the vintage of these proceedings, State Collection has not been prejudiced in such a way which would preclude its ability to defend against these claims, especially since *sine qua non* of a relation back analysis is whether amended claims "relate[] to the same general conduct, transaction and occurrence." *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 581 (1945). *See Canterbury v. Columbia Gas of Ohio*, 2001 WL 1681132 (S.D. Ohio 2001) (allowing relation back of new FDCPA claims based on the same conduct and citing *Tiller*). In this case, Molesky and the Hornyaks' amended claims meet the requirements of Rule 15(c)(1)(B). I also keep in mind the Sixth Circuit's admonition that "Rule [15] must be interpreted in light of the 'fundamental tenor of the Rules,' which 'is one of liberality rather than technicality.'" *Hall*, 583 F.3d at 934, citing *Miller v. Am. Heavy Lift Shipping*, 231 F.3d at 248 (6th Cir. 2000).

Therefore, finding the new claims alleged by Molesky and the Hornyaks arise out of the same conduct and transactions set forth in the original complaint, I find they relate back to the date of the original complaint and are not outside the applicable statute of limitations. This branch of State Collection's motion to dismiss is denied.

B. Claims of McCann and Ahern against State Collection

State Collection also moves to dismiss the claims of McCann and Ahern as outside the one-year statute of limitations. State Collection also argues against tolling of the claims as contrary to

9

established case law. Additionally, Defendant argues for dismissal of the new claims against Fisher-Titus as those claims do not relate back under Fed. R. Civ. P. 15(c).

    1.   <u>Statute of Limitations under the FDCPA</u>

As noted previously, violations of the FDCPA must be brought "within one year from the date on which the violations occur." 15 U.S.C. § 1692k(d). The statute of limitations begins to run on the date the defendant offender engaged in debt-collection practices. *McGee v. Moon*, 685 F.Supp.2d 737, 745 (N.D. Ohio 2010).

In this case, there is no dispute among the parties that McCann and Ahern's FDCPA claims are untimely. Therefore, I now turn to the tolling argument presented by these Plaintiffs.

<u>Tolling of FDCPA Class Claims</u>

State Collection contends the FDCPA claims of McCann and Ahern are not subject to tolling because their claims could have been raised in the initial complaint. Plaintiffs counter by arguing their claims are tolled until there is an adjudication on the class certification.

The doctrine of class-action tolling was first addressed by the Supreme Court in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), which involved tolling for class members who sought to intervene after class certification was denied. In balancing participation of potential members with the efficiencies of Rule 23, the Court stated: "We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554.

Subsequently, the Court expanded this ruling to apply to "all asserted members of the class . . . not just to intervenors." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983). Based upon this expansion, the respondent in *Crown*, who received his notice to sue while the putative class suit was pending, retained the full 90 days to bring his suit after class certification was denied. *Id.* at 354.

State Collection contends that McCann and Ahern could not have brought their suit in September 2008, as their claims did not arise until 2011. They also contend that the Sixth Circuit does not support tolling in this regard. State Collection is correct.

The Sixth Circuit has adopted the "forfeiture rule[4]" which holds that a party "who chooses to file an independent action without waiting for a determination on the class certification may not rely on the *American Pipe* tolling doctrine." *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005). The basis for adopting this rule was explained as follows:

> The reasoning rests in part on the holding in *Crown* that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or intervene as plaintiffs in the pending action." 462 U.S. at 354, 103 S.Ct. 2392. The purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided. One district court explained:
>
> > Many good purposes are served by such forebearance, as *American Pipe* and *Crown, Cork* themselves spell out. The parties and courts will not be burdened by separate lawsuits which, in any event, may evaporate once a class has been certified. At the point in a litigation when a decision on class certification is made, investors usually are in a far better position to evaluate whether they wish to proceed with their own lawsuit, or to join a class, if one has been certified.

413 F.3d at 568-69, citing *In re WorldCom, Inc. Sec. Litig.*, 294 F.Supp.2d 431, 452 (S.D.N.Y. 2003). *But see State Farm Mutual Automobile Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1231-35 (8th Cir. 2008) (detailing differences among the federal appellate courts and took a contrary approach holding that the putative class member could rely on the *American Pipe* tolling doctrine despite having filed the individual claim while the decision on class certification was pending).

In addition, McCann and Ahern's reliance upon *In re Vertrue Inc. Marketing and Sales Practices Litigation*, 719 F.3d 474 (6th Cir. 2013), is distinguishable as the putative class action in that case was

---

[4] *See* William B. Rubenstein, Newberg on Class Actions § 9:63 (5th ed) (2014) (describing forfeiture and non-forfeiture positions taken by courts when a putative class member files an individual suit before adjudication on class certification).

11

dismissed before a ruling on class certification. Likewise, the appellate court found *Wyser-Pratt* inapplicable to the situation in *Vertrue* because it did not involve a putative class member filing a suit before a ruling on the class action issued. 719 F.3d at 481.

Therefore, based upon the above precedent, McCann and Ahern's FDCPA class claims are not tolled and State Collection's motion to dismiss is granted as to this branch of their motion.

### DEFENDANT FISHER-TITUS MEDICAL CENTER'S MOTION TO DISMISS

Fisher-Titus requests dismissal from this action on the basis the claims asserted are time-barred by all Plaintiffs and do not relate-back to the original complaint.

In opposition, Plaintiffs argue the claim of Molesky and the Hornyaks relate back to the original complaint under Rule 15 and that Fisher-Titus was mistakenly "unnamed" in the original complaint. They also contend the claims of Ahern and McCann, as members of the class, are tolled under *American Pipe*. Plaintiffs urge the Court to deny Fisher-Titus's motion in its totality.

A.  Relation-Back and A New Defendant

Rule 15 may also be utilized to add a new defendant after the statute of limitations has expired; however, it is generally accepted that a plaintiff seeking to do so faces greater hurdles than those associated with adding new claims against existing parties. 3 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 15.19[3][a] at 15-103 (3d ed. 2014). The requirements were articulated by the Sixth Circuit as follows:

> Rule 15(c) says that an amendment that changes a defendant but arises out of the same conduct relates back if the new defendant "(i) received such notice of the action that [he] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c).

*Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012).

12

The Plaintiff in *Smith* brought excessive force claims following his arrest naming, among others, multiple John and Jane Does as defendants in state court.  Upon removal to federal court, plaintiff amended his complaint and named specific officers as two of the John Does.  The district court granted the newly named defendants' motion to dismiss finding the claims against them were untimely and did not relate back to the original complaint.  On appeal, the Sixth Circuit affirmed, noting the element of mistake was missing as the plaintiff "did not make a mistake about the identity of the parties he intended to sue, he did not know who they were and apparently did not find out within the two year-limitations period.  The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." *Id.*  (Emphasis in original.)

Here, Plaintiffs contend the Supreme Court's pronouncement in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), regarding relation-back applies in this case.  I disagree.  The plaintiff in *Krupski* "meant to sue the company that 'owned, operated, managed, supervised and controlled' the ship in which she was injured, App. 23, and also indicated (mistakenly) that Costa Cruise performed those roles. . . ." *Id.* at 554.  Similarly, the panel in *Smith* rejected a similar argument:

> Even after *Krupski*, Rule 15(c) offers no remedy for this problem.  The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Doe," "Unknown Defendants" or other missing appellations.  Our approach is consistent with the holdings of every other circuit on this issue.

*Smith*, 476 Fed. Appx. at pp. 69-70. (Citations omitted).

In this case, Plaintiffs argue that the interrelationship between Fisher-Titus and State Collection is a relevant factor in ascertaining whether relation back of the claims is appropriate.  Unfortunately, Plaintiffs arguments fall short of the mark.

A similar situation confronted the Sixth Circuit in *Beverly v. MEVA Formwork Systems, Inc.*, 500 Fed. Appx. 391 (6th Cir. 2012).   Following a work injury, the plaintiff brought suit against the manufacturer's subsidiary and sought to amend his complaint after the statute of limitations had run

13

naming the parent company as a new defendant.   In granting summary judgment to the parent company, the district court found no relation back of the amendments based on Rule 15(c)(1)(C)(i) and (ii).  The issue on appeal focused on notice to the newly named defendant:

> The notice required by Rule 15(c) can be either actual or constructive. *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609 at *2 (6th Cir. 1996) (table) (citing *Berndt v. Tennessee*, 796 F.2d 879 (6th Cir. 1986)).  We have articulated the following, non-exhaustive list of factors to consider in determining whether a newly-named defendant had constructive notice of a lawsuit:  "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant." *Id.* (citing *Berndt*, 796 F.2d at 884).

*Id.* at 394.

The plaintiff in *Beverly* argued an inference of constructive notice because the parent company was the sole owner of the subsidiary, both entities held themselves out as one entity on their shared website, an employee of the subsidiary referred to the parent and subsidiary interchangeably during a deposition, both entities were allegedly represented by the same counsel, and certain subsidiary employees were trained by the parent company.  *Id.* The Sixth Circuit found the plaintiff's evidence speculative, noting it was "simply insufficient to impute notice of [plaintiff's] lawsuit to [the parent company]."  *Id.  See also Glazer v. Chase Home Finance LLC*, 2014 WL 1238291 *4 (N.D. Ohio March 25, 2014) (noting that in *Beverly* , "[i]f the Sixth Circuit would not hold that a parent company is presumptively on notice for a suit against its subsidiary, then surely a parent company is not on notice for a suit against a company that is using employees of the subsidiary.")

Defendant Fisher-Titus Medical Center was not a party to this action until the fall of 2012, some four years after the original complaint in September 2008.  Plaintiffs claim that the Defendants' intertwined business relationship is characterized by the following factual allegations:

- The Defendants share employees, share locations, and attend each other's holiday parties.

- The "management" at State Collection reports directly to the financial department of Fisher-Titus.

- Fisher-Titus reviews the internal and proprietary financial documents of State Collection.

- The financial statements are sent directly to the CFO of Fisher Titus for his review.

Despite taking the factual allegations in the complaint as true, I do not find they establish Fisher-Titus had constructive notice of the State Collection lawsuit.  There is no allegation the two entities were represented by the same counsel.  Nor is there any allegation to support actual notice of the September 2008 lawsuit by Fisher-Titus.  Additionally, Plaintiffs do not satisfy the mistake requirement contemplated by Rule 15(c ).  *See Hiller v. Extendicare Health Network, Inc.*, 2013 WL 756352  *6 (E.D. Ky. 2013) ("Rule 15(c ) does not permit relation back when a plaintiff learns more about a case and seeks to broaden the liability sphere to encompass new parties in addition to one already before the court.")

As the Plaintiffs here fail to satisfy the requirements under Rule 15(c ) regarding Fisher-Titus, I cannot find their claims relate back to the original complaint.  *See also, Ham v. Sterling Emergency Services of the Midwest, Inc.*, __Fed. Appx. __, 2014 WL 3882674 (6th Cir. Aug. 7, 2014) (noting claims to add additional parties via Rule 15(c )(1)(C) do not relate back), citing *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318 (6th Cir. 2010).

As the claims against Fisher-Titus do not relate back to the original complaint, I also find the tolling arguments asserted by McCann and Ahern to be unpersuasive.

Accordingly, the amended class complaints of the Plaintiffs do not relate back to the original complaint as it pertains to Fisher-Titus.  Therefore, Fisher-Titus is entitled to dismissal from this litigation.

## CONCLUSION

For the reasons stated above, State Collection's motion to dismiss (Doc. No 22) is granted as to the claims of McCann and Ahern but denied as to additional claims by Molesky and Hornyak in the Amended Class Action Complaint. Fisher-Titus' motion to dismiss (Doc. No. 23) is granted in its entirety and it is dismissed from this case. Finally, Plaintiffs' motion for oral argument (Doc. No. 28) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge